PEDRO FERNÁNDEZ REYES, Plaintiff and Appellant, *v.* RAMÓN GONZÁLEZ BETANCOURT, Defendant and Appellee.

No. 5163. Argued April 30, 1930.—Decided January 20, 1931.

*Luis Mercader* for appellant.   *Antonio Lens Cuena* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Pedro Fernández Reyes is the owner of a property of 54 acres (*cuerdas*) located in the ward of Islote, Arecibo, and bounded on the north by another property of 18 acres, formerly owned by his sister and now belonging to Ramón González Betancourt, who acquired it a few months ago. On the north of the 18-acre property there is a municipal road (*camino vecinal*) to which Pedro Fernández Reyes has had access for the past three years through a private road over the 18-acre tract until a short time ago, when the owner of that tract plowed up said private road and planted it with agave (*maya*) at the boundary line between his property and that of Pedro Fernández.

The above facts were established by Pedro Fernández Reyes in an injunction proceeding to recover the possession of the use of the said road instituted by him against Ramón González Betancourt as declared by the District Court of Arecibo in denying a nonsuit and as afterwards admitted by the defendant. But on the latter's evidence, the complaint was dismissed on the ground that the plaintiff relied on a mere verbal permit from his sister, the former owner of the 18-acre tract, for the use of the road and, as such acts were merely tolerated, he could not avail himself of the remedy by injunction to recover possession.

The first ground assigned by Pedro Fernández Reyes for his appeal is that the court below erred in failing to sustain plaintiff's objection to the examination by the defendant aiming at an investigation of the right of the appellant to use the private road referred to in the complaint.

In injunction proceedings to recover the actual possession lost through the acts of another, which is the equivalent of the interdict to recover possession in our former procedural law, only questions of fact may be alleged, shown, or determined, as for instance, whether the plaintiff within the year next preceding the filing of the complaint had possession of

the property described in the complaint and whether he had been disturbed in, or deprived of, said possession by the defendant. Whether or not the plaintiff is entitled to such possession is a matter that can not be discussed, shown, or decided in an injunction proceeding, as that is an issue to be settled in an ordinary action. Solís v. Castro, 36 P.R.R. 94; Oliver et al. v. González et ux., 37 P.R.R. 868; Vicente v. Ortiz, 38 P.R.R. 95, and Echevarría v. Saurí, 38 P.R.R. 661. Therefore, the lower court erred in permitting the defendant to examine his witnesses as to the right of the plaintiff to use the road in question, which error was prejudicial to the appellant because, notwithstanding he proved the facts of his complaint constituting the cause of action which is prosecuted, yet the judgment was adverse to him as based on the defendant's evidence erroneously admitted, and the court concluded that the injunction proceeding was not the proper remedy as regards the use of the road, which use was had by license and mere tolerance from the former owner of the property where said road lies. The lower court cited several of our decisions in support of its judgment, but those cases are not in point: That of Almodóvar et al v. Russell & Co., 34 P.R.R. 90, because what was involved there was not a special injunction to recover possession but the ordinary injunction; that of Solís v. Castro, supra, because although it deals with the question of mere tolerance, the conclusion is, however, reached there that the only issue to be considered in this class of injunctions is the possession or its interruption; that of Colón v. Plazuela Sugar Company, 31 P.R.R. 299, because it refers to an ordinary action of servitude, and that of Vélez et al. v. Guánica Centrale, 26 P.R.R. 724, for the same reason as in the preceding case. Nor is the other case cited by the court, viz., Central Victoria v. Hernández et al., 35 P.R.R. 561, applicable either, because it affirmed the judgment denying the injunction sought for the use of a road on the

grounds that no evidence whatever wss introduced in support of the contention of the plaintiff regarding the actual possession of the road that had been closed by the defendant because it had not been satisfactorily shown that the plaintiff even used the said road; and because the evidence rather hinted at the use and employment of the road by other planters until it was closed up. Section 446 of the Civil Code, also cited by the court, which provides that acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or by force, do not affect possession, is not to be considered and taken into account in deciding this kind of injunction proceedings where, as we have stated, only determination is made of questions of fact and not of the right by which the defendant was using the road, and, consequently, whether merely tolerated acts being involved, the possession of the owner of the property is not affected thereby. The Supreme Court of Spain stated in its decision of April 3, 1884, reported in volume 54 of *Jurisprudencia Civil*, that "the restorative interdict is available not only to those having the juridical possession but also to those having the tenancy of the thing or, what amounts to the same, having the actual and physical occupancy thereof with or without title . . ." The same court in a decision dated November 20, 1913, reported in vol. 125, p. 356, *Jurisprudencia Civil*, also says: "It is sufficient to read section 446 and its concomitants of the Civil Code to be convinced of the applicability of the Law of Civil Procedure and to hold accordingly that interdicts, if they are not to lose their peculiar character to the extent of rendering the action useless, can only deal with the fact of the possession in order to protect it from a temporary disturbance, but never with the title thereto explanatory of the ground and character of the possession."

Actual possession or mere holding may refer to a thing or to the enjoyment of a right, according to section 433 of

the Civil Code, and for that reason the possession or tenancy of the use of a servitude may be the object of an injunction proceeding to recover possession. That the possession of a servitude of passage over another's land can be recovered by the injunction or interdict provided by law to recover possession has been a settled rule since 1879, when in a case (42 *Jurisprudencia Civil* 523) where it was contended that such interdict is granted against the deprivation of a thing but not of a mere right, the Supreme Court of Spain held this contention untenable as the word "possession" included the quasi possession for the purpose of this kind of interdicts affecting corporeal things as well as a right of easement which is exercised or is the subject of a quasi possession. In the year 1881, in a decision reported in 47 *Jurisprudencia Civil* 100, where the granting of an interdict for the recovery of a servitude had been attacked, the said court held: "That in accordance with the constant jurisprudence of the Supreme Court, resting, among other laws, on law 1, tit. 30, Partida 3, the restorative interdict lies whenever a person is deprived of property, whether real or personal, or of the exercise of a right; for, as questions of public policy are determined in this class of summary proceedings, one may be equally affected by being deprived violently or clandestinely of a corporeal thing which he has possessed as well as by being deprived of a right which he quasi possessed." The above decisions were cited and followed by us in *Echevarría et al.* v. *Saurí, supra,* where the granting of an injunction or interdict to recover the possession of a servitude of passage was sustained.

In view of the foregoing, the judgment appealed from must be reversed and another rendered sustaining the complaint without any special pronouncement of costs.

MR. JUSTICE WOLF, dissenting.

The complaint in this case set up that the complainant was in the material possession and continuous enjoyment of

a road within the property of the defendant; that the complainant traveled over that road with all sorts of vehicles and that it was built and prepared by him with his own money and at no time and in no form had he surrendered such right. He complained of an interference and sought the injunction formerly known as an interdict.

The use of the word "right" was perhaps inadvertently made. Nevertheless, it is clear to my mind that the only right that a person could have in a road of that kind is by reason of the existence of a servitude.

The defendant attempted to show that no such servitude existed and the court below permitted such evidence. This court reversed the judgment of the lower court on the theory that in a proceeding of injunction to recover possession the only thing that could be discussed was the possession as a matter of fact; that questions relating to the right or title with which one possessed were not proper in such proceeding.

The decisions of this court heretofore merely held that in cases to recover the possession of land it was sufficient to prove the possession of the land itself, and all questions of title were necessarily to be deferred. Perhaps the underlying reason was that in suits to recover the possession of a thing or property wrested from one, the mere possession creates a presumption of title and one needs go no further. In such cases the courts leave the parties to a subsequent discussion of the title. The possession and the title are separable concepts and the possession may be independently proved. I maintain that there is no such separable concept when one speaks of a servitude.

A servitude is defined by section 536 of the Civil Code as follows:

"A servitude is a charge imposed upon an immovable for the benefit of another tenement belonging to a different owner."

Hence necessarily a servitude, called under the English Law an incorporeal hereditament, is an intangible thing. While

outward signs or tokens may indicate the existence of a servitude, such signs or tokens are frequently consistent with the non-existence of the servitude.

Section 433 of the Civil Code provides:

"Natural possession is the holding of a thing or the enjoyment of a right by any person. Civil possession is the same holding or enjoyment joined to the intent of holding the thing or right as one's own."

Thus defined, throughout the whole section the Legislature has spoken of the possession of a thing or the enjoyment of a right, an exhaustive division. When one comes to file an interdict to recover the possession of a thing, a piece of land for example, the existence of that land must be proved, or else there is no proof of possession. Similarly, to prove the possession of a right the latter must be shown. It is idle to speak of having possession of a right without showing the existence of that right. There must be a possession of something. And I may repeat that possession is defined by section 433, *supra,* as either the possession of a thing or of a right. A servitude is necessarily only a right or, as defined by the code, the enjoyment of a right. Therefore, no matter how difficult it may be, a complainant must show the existence of the *res* the possession of which he claims. When we speak of the possession of land the *res* is the land; when we speak of the possession of a right the *res* then is the right itself.

The right to use the inderdict to recover the use of a servitude was challenged. Nevertheless, the Supreme Court of Spain in two decisions cited in the majority opinion held that the writ was available to prevent the disturbance of a right of servitude. In case No. 349, decided December 31, 1879, vol. 42, p. 523, the court considered that certain objections were unfounded *"porque bajo el nombre de posesión se entiende comprendida la cuasi posesión para los efectos de esta clase de interdictos, en los cuales se resuelve una*

*cuestión de orden público que del propio modo se afecta a uno por mano propia de la cosa corporal que posee, como de un derecho de servidumbre que ejercita o cuasi posee.''* [Free translation: ''because quasi-possession should be considered to be included under the name of possession for the purposes of these inderdicts where a matter of 'public order' is decided which similarly affects a physical thing that one possesses as it affects a right of servitude which one exercises or possesses.''] In case No. 338, of July 11, 1881, vol. 47, p. 100, the court held similarly. In each of these cases, to my way of thinking, the court held that the possession of a right or quasi-right might be proved to remove obstacles or the like, but I have found nothing in either case that holds that possession of a servitude may be proved independently of the right itself.

In the majority opinion, in referring to section 433 of the Civil Code, the Court says that the possession or tenancy of the use of a servitude might be the object of an injunction to recover the possession. In this phrase the court speaks of a word that does not appear in the said Code, namely, the word ''use''. I maintain that there is no such thing as the possession of the use of a servitude as distinguished from the possession of the servitude. The idea of the Supreme Court of Spain was to protect the dominant tenement and enable the owner thereof to preserve or restore his right of servitude in case it had been interfered with. In the case of land, as I have pointed out, the possession may be readily proved. In the realm of servitude such possession is impossible of proof without establishing the existence of a right.

Section 433, *supra,* is the first of a series of sections under Title V, Chapter I, of the Civil Code, relating to possession. A number of those articles I think support the conclusions at which I have arrived, and especially section 439, which reads as follows: ''Only things and rights suscep-

tible of being appropriated can be the objects of possession.''
In other words, I maintain the possession contended for in the majority opinion is excluded by the words of this section.

Therefore, it seems to me that the court below was justified in admitting evidence that the plaintiff was on the property of the defendant by mere tolerance.